# Pennsylvania Railroad Company *versus* Commonwealth.

In providing for the taxation of certain corporations, the 4th section of the Act of June 7th 1879 declares: "If the dividend or dividends made or declared by such company or association as aforesaid, during any year ending with the first Monday of November, amount to six or more than six per centum upon the par value of its capital stock, then the tax to be at the rate of one half mill upon the capital stock for each one per centum of dividend so made or declared; if no dividend be made or declared, or if the dividend or dividends made or declared do not amount to six per centum upon the par value of said capital stock, then the tax to be at the rate of three mills upon each dollar of a valuation of the said capital stock, made in accordance with the provisions of the second section of this act." The 2d section provides: "In case the dividend or dividends made or declared on either its common or preferred stock during the year ending as aforesaid shall amount to less than six per centum upon the par value of the said common or preferred stock, the treasurer and secretary thereof * * * shall between the first and fifteenth days of November of each-year in which no dividend has been made or declared * * * estimate and appraise the capital stock of such company upon which no dividend has been made or declared * * * at its actual value in cash, not less, however, than the average price which said stock sold for during said year, and not less than the price or value as indicated or measured by the amount of the dividends made or declared: * * * Provided, that if the auditor general or state treasurer, or either of them, is not satisfied with the valuation so made and returned, they are hereby authorized and empowered to make a valuation thereof, and to settle an account on the valuation so by them made for the taxes, penalties and interest due the Commonwealth thereon." On an appeal from a settlement made by said officers, *Held*, that for the purpose of such an assessment by the officers of the state or the corporation the "actual value in cash" of the stock, is to be ascertained by the prices at which it sold between the 1st and the 15th of November, and not by the average sales during the year ending on the first Monday of November.

May 20th 1880. Before MERCUR, GORDON, PAXSON, TRUNKEY and STERRETT, JJ. SHARSWOOD, C. J., and GREEN, J., absent.

Error to the Court of Common Pleas of *Dauphin county*: Of May Term 1880, No. 193.

In the court below, this was an appeal from the settlement made by the accounting officers of the Commonwealth for tax on capital stock of the Pennsylvania Railroad Company, for the financial year ending the first Monday of November 1879. The defendant was chartered under the laws of Pennsylvania, and at the time of the settlement of this account, had capital stock of the par value of $68,870,200. On May 2d 1879, it made a dividend of two per cent., and on November 1st 1879, another dividend of two and one-half per cent.

The Act of June 7th 1879, Pamph. L. 112, makes the following provisions:—

Sect. 2. That hereafter, except in the case of banks, savings institutions and foreign insurance companies, it shall be the duty of the president or treasurer of every company now or hereafter

[Pennsylvania Railroad Co. *v.* Commonwealth.]

incorporated by or under any law of this Commonwealth, and of every company now or hereafter incorporated by any other state or territory of the United States, or foreign government, and doing business in this Commonwealth, or having capital employed in this Commonwealth in the name of any other company or corporation, association or associations, person or persons, or in any other manner, to make report in writing to the auditor-general annually, in the month of November, stating specifically the total authorized capital stock of the company, the whole number of shares of stock, the number of shares of stock issued, the par value of each share, the amount paid into the treasury of the company on each share, the amount of capital paid in, the date, amount and rate per centum of each and every dividend made or declared by their respective corporations during the year ending with the first Monday in said month ; and in all cases where any such company shall fail to make or declare any dividend upon either its common or preferred stock during the year ending as aforesaid, or in case the dividend or dividends made or declared on either its common or preferred stock during the year ending as aforesaid shall amount to less than six per centum upon the par value of the said common or preferred stock, the treasurer and secretary thereof, after being duly sworn or affirmed to do and perform the same with fidelity, according to the best of their knowledge and belief, shall, between the first and fifteenth days of November of each year in which no dividend has been made or declared as aforesaid, or in which the dividend or dividends made or declared upon either its common or preferred stock amounted to less than six per centum upon the par value of said common or preferred stock, estimate and appraise the capital stock of such company upon which no dividend has been made or declared or upon the par value of which the dividend or dividends made or declared amounted to less than six per centum, at its actual value in cash, not less, however, than the average price which said stock sold for during said year, and not less than the price or value as indicated or measured by the amount of the dividends made or declared ; and when the same shall have been so truly estimated and appraised, they shall forthwith forward to the auditor-general a certificate thereof, accompanied by a copy of their said oath or affirmation, by them signed, and attested by the magistrate or other person qualified to administer the same : Provided, that if the auditor-general or state treasurer, or either of them, is not satisfied with the valuation so made and returned, they are hereby authorized and empowered to make a valuation thereof, and to settle an account on the valuation so by them made for the taxes, penalties and interest due the Commonwealth thereon ; and any corporation or company dissatisfied with such settlement may appeal therefrom, in the manner now provided by law for appeals

from settlement of accounts by the auditor-general and state treasurer.

Sect. 4. That every company or association whatever, now or hereafter incorporated by or under any law of this Commonwealth, or now or hereafter incorporated by any other state or territory of the United States, or foreign government, and doing business in this Commonwealth, or having capital employed in this Commonwealth in the name of any other company or corporation, association or associations, person or persons, or in any other manner, except foreign insurance companies, banks and savings institutions, shall be subject to and pay into the treasury of the Commonwealth annually, a tax to be computed as follows, namely : If the dividend or dividends made or declared by such company or association as aforesaid, during any year ending with the first Monday of November, amount to six or more than six per centum upon the par value of its capital stock, then the tax to be at the rate of one half mill upon the capital stock for each one per centum of dividend so made or declared; if no dividend be made or declared, or if the dividend or dividends made or declared do not amount to six per centum upon the par value of said capital stock, then the tax to be at the rate of three mills upon each dollar of a valuation of the said capital stock made in accordance with the provisions of the second section of this act; and in case any such company or association shall have more than one kind of capital stock, as, for instance, common and preferred stock, and upon one of said stocks a dividend or dividends amounting to six or more than six per centum upon the par value thereof has been made or declared, and upon the other no dividend has been made or declared, or the dividend or dividends made or declared thereon amount to less than six per centum upon the par value thereof, then the tax shall be at the rate of one half mill for each one per centum of dividend made or declared upon the capital stock, upon the par value of which the dividend or dividends made or declared amount to six or more than six per centum, and in addition thereto, tax shall be charged at the rate of three mills upon each dollar of a valuation, made also in accordance with the provisions of the second section of this act, of the capital stock upon which no dividend was made or declared, or upon the par value of which the dividend or dividends made or declared did not amount to six per centum ; and it shall be the duty of the treasurer or other officer having charge of any company or association upon which a tax is imposed by this section of this act, to transmit the amount of said tax to the treasury of the Commonwealth, within fifteen days from thirty-first day of December, in each and every year : Provided, that whenever such corporation or company shall make any profit and add the same to its sinking fund, without a division thereof amongst its stockholders, the amount of the profit thus added to its sinking

fund shall be included in the report required by the second section of this act to be made, and for the purpose of this act the same shall be treated as having been divided amongst the stockholders, and shall subject the capital stock to taxation as a dividend : Provided, however, that said money or any part thereof shall be expressly set apart for the payment of debts.

The dividends of the company in 1879 having been less than six per centum, an appraisement of the value of the capital stock was made by the secretary and treasurer of the company, based upon the average value of the stock during the year from the first Monday in November 1878 to the first Monday of November 1879, as shown by the sales at the Philadelphia Stock Exchange.   This appraisement was made in accordance with the provisions of the second section of the above act.    Upon the basis thus taken, the valuation amounted to $51,652,650.   The tax on this amount was $154,957.95, which sum was paid on January 15th 1880.   The accounting officers of the state were not satisfied with this appraisement, and they made a valuation of the capital stock based upon its actual value in cash, as ascertained by its selling price in public market during the period extending from the 1st to the 15th day of November 1879.   This calculation resulted in a valuation of $66,804,094, on which the tax was $200,412.27, or $45,454.32 over the amount already paid by the company, and this amount said officers settled against the company as the balance due to the Commonwealth.   The company appealed from this settlement to the Court of Common Pleas of Dauphin county, and after the case was at issue upon a plea of *nil debet*, an agreement was filed, wherein it was, inter alia, stipulated :—

3. That the valuation of stock on which the settlement in this case was made, was based upon the actual value of the stock in cash, as ascertained by its selling price in public market during the period extending from the first to the fifteenth days of November 1879.

4. That this case shall be tried by the Court of Common Pleas of Dauphin county, without the intervention of a jury, under the provisions of the Act of Assembly of 22d April 1874, Pamph. L. 1874, p. 109, and the company shall have the right to take an appeal from the settlement made against it by the accounting officers, and to take a writ of error to the Supreme Court without the entry of security.

The court, Henderson, A. L. J., found the foregoing facts, and decided in favor of the Commonwealth for $47,727.03.   Exceptions were filed which the court overruled, and judgment was entered on the court's decision.   The defendant then took this writ, and alleged that the court erred in not holding that the true measure for fixing the value of the stock for taxation under the Act of 1879, for the year ending the first Monday in November 1879, is the

average market value during the said year, when not less than the amount indicated by dividends, and not the average value between the first and the fifteenth of November 1879.

*James A. Logan* and *Hall & Jordan*, for plaintiff in error.—When, under the second section of the Act of 1879, the dividend equals or exceeds six per cent. *during the year* ending the first Monday of November, then such dividend is the measure of liability for taxation; but when the dividend is less, then the secretary and treasurer are to appraise the stock at its actual value in cash, not less, however, than the average price which it " sold for *during said year*," and not less than the value indicated by the " amount of the dividends made or declared" within that year.

The time for making the appraisement is one thing; but the period to be embraced within it is another and quite different thing.    For the latter the statute fixes but one period, the whole financial year, and neither the state officers nor the company officers can legally take or adopt any other.    It is unreasonable to suppose the legislature ever intended to designate a time to be included in the appraisement other than that for which the tax is imposed; and there is nothing in the statute to show it ever so intended.    The intent was to first during the year fix the value as determined by the dividends when they showed a value equal to par, or more, by amounting to six per cent. or above, or when this failed, and the stock presumably below par, that an appraisement should fix its actual value within the year as the measure of taxation.    Moreover, the date of appraisement thus adopted by the state officers, was within the next succeeding financial year to that now under consideration; and, in the nature of the case, may be included by the officers of the corporation in its return for the financial year ending on the first Monday of November 1880.

If the Commonwealth's position is within the letter it is not within the spirit and intention of the act.    The letter must, in the construction of the act, yield to the intention as gathered from the whole body of the act: Potter's Dwarris on Statutes 189; Rex *v.* Loxdale, 1 Burr. 447; Commonwealth *v.* Fraim, 4 Harris 163; Commonwealth *v.* Navigation Co., 16 P. F. Smith 81; Durousseau *v.* United States, 6 Cranch 314.    If there be any doubt about the proper construction of a statute for raising revenue, such doubt will always be resolved in favor of that construction which conforms to the power of the legislature: Cooley on Taxation 41, 42; Washington Avenue, 19 P. F. Smith 352.

*Lyman D. Gilbert*, Deputy Attorney-General, and *Henry W. Palmer*, Attorney-General, for the Commonwealth.—The right to make an assessment for taxation is a matter of statutory grant, and without express warrant of law does not exist.    Where it has been

conferred it must be exercised in the manner in which the legislature directs. These are elementary doctrines of taxation. When a duty of assessing for taxation is laid upon any tax official, the rule of law, unless words to the contrary are used, requires the taxable property to be assessed according to the value it bears at the time when the assessment shall be made.

Cooley upon Taxation, p. 261, states: "Every person is therefore to be taxed for the year upon his personalty, estimated as of the time of the assessment, and every parcel of land, according to its value at that time."

Accepting this as an accurate statement of the law upon this subject, we contend that where there is a direction to assess it is necessary to use direct and positive language in the taxing statute to justify the assessment being based upon any other value than that which the property represents at the time the assessment is made.

The Act of 1879, in unmistakable words, requires the assessment to be made "between the first and the fifteenth days of November of each year." If "actual value in cash" is equal to or greater than the average price which said stock sold for during said year, and not less than the price or value as indicated or measured by the amount of dividends made or declared, in both instances the "actual value in cash" is to be the price at which the stock shall be assessed, and nothing in the section alters the rule of law that the value in cash is to be the cash value at the time of the assessment. It is only when the "actual value in cash" is lower than the value as ascertained by these two tests that it is to be disregarded and the taxable value of the stock is not to be its cash value at the time of the assessment. Whether the method of making the assessment in this case was well or badly chosen is not a question for judicial concern or decision: Kittanning Coal Co. v. Commonwealth, 29 P. F. Smith 100. To the objection that the tax is measured by a period of time in regard to which no tax is imposed, the ready reply is that the legislature has the authority to do so.

Mr. Justice PAXSON, delivered the opinion of the court, June 19th 1880.

This case involves but a single question. The Pennsylvania Railroad Company having declared less than six per cent. dividends for the financial year ending on the first Monday of November 1879, it became necessary, under the Act of 7th of June of that year, Pamph. L. 172, to make an appraisement of its capital stock for the purposes of taxation. This was done by the secretary and treasurer, and a return thereof made to the auditor-general's office. The par value of the stock so returned was $63,870,200, and its cash value $51,652.650. The tax on this

[Pennsylvania Railroad Co. *v.* Commonwealth.]

sum, at three mills on the dollar, amounted to $154,975.95, which was promptly paid by the company. The value of the stock was fixed by taking its average market value from the first Monday of November 1878, to the first Monday of November 1879.

The auditor-general and state treasurer not being satisfied with the valuation placed upon the stock by the company's officers, proceeded to make another valuation, as authorized by the second section of the Act of 1879, and fixed its value at $66,804,094, the tax upon which amounts to $200,412.27, being $45,454.32 in excess of the amount paid by the company. This result was obtained by taking its selling price in the public market from the 1st to the 15th of November 1879. The court below sustained the action of the state authorities, and gave judgment against the company for $47,727.03.

The contention on the part of the company is that the stock should have been appraised at its average selling value during the year for which the tax is laid, and not at its value from the 1st to the 15th of November succeeding; in other words, that the stock must be appraised at the average price for which it sold for during the year.

The Act of Assembly does not say so. It requires an appraisement to be made between the 1st and 15th day of November, of the stock of non-dividend paying corporations, or those paying less than six per cent., said stock is to be appraised at its cash value, "not less, however, than the average price which said stock sold for during said year." If the legislature intended to have the stock appraised at its average price during the year, it was very easy to have said so. We find nothing in the act from which such intent can be gathered with any reasonable certainty. On the contrary, the use of the words "not less, however, than the average price which said stock sold for during said year," necessarily implies the power to appraise the stock at more than its average price during the year. The construction of the act contended for by the company would expunge the words above quoted, or render them nugatory. It is our duty to give them effect if consistent with other portions of the statute. They mean just this: that if the stock of the company is lower when the appraisement is made in November than it was during the previous year, it shall be appraised at not less than the average selling price for the year. On the other hand, if it is higher in November, it may be appraised at its increased value. If it be objected to this view that the advantage is all on the side of the state, we may safely concede it to be so. The object of the act was to raise revenue, and it appears to have been drawn with care, and in the interests of the state.

We are of opinion that the learned judge of the court below ruled the law correctly, and his judgment is accordingly

Affirmed.