COMMONWEALTH v. PHILA. & R. R. CO.

APPEAL BY COMMONWEALTH FROM THE COURT OF COMMON PLEAS OF DAUPHIN COUNTY.

Argued June 3, 1891—Decided June 5, 1891.

(a) The capital stock of a corporation, declaring no dividends, was valued by its officers, for taxation under § 2, act of June 7, 1879, P. L. 113, at its actual value in cash between November 1st and 15th, and the value thus declared was the average price at which it was sold during the year. Between those dates, however, the selling price on the exchange was higher than that average :

1. The court below, on a submission, without a jury, under the act of April 22, 1874, P. L. 109, having found as a matter of fact that the selling price, between those dates, was not a true test of the value of the capital stock of the company at that time, the finding would not be disturbed in the absence of clear and preponderating evidence to the contrary.

2. The tax is to be imposed on the actual value of the capital stock, as that value may exist between said dates, "not less, however, than the average price which said stock sold for during said year," etc. In arriving at this actual value, the selling price between those dates is merely

relevant evidence: Penna. R. Co. v. Commonwealth, 94 Pa. 474, distinguished.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 38 May Term 1891, Sup. Ct.; court below, number and term not shown.

On March 5, 1890, from the settlement of an account stated by the auditor general and state treasurer against the Philadelphia & Reading Railroad Company, for tax on capital stock under § 4, act of June 7, 1879, P. L. 114, for the years ending the first Monday of November, 1881, 1885, 1886, 1887, the company entered an appeal and filed specifications of objections.

As given in the appellant's paper-books, the returns of appraisements of the capital stock of the company, as made each year by the secretary and treasurer, under § 2, act of June 7, 1879, P. L. 113, were of said stock " at its actual value in cash, as shown by and not less, however, than the average price which said stock sold for during said year, and not less than the price or value as indicated or measured by the amount of the dividends made or declared during the year."

The cause having been heard on submission to the court, without a jury, under the act of April 22, 1874, P. L. 109, the court, McPHERSON, J., on April 18, 1890, filed the following decision:

#### FINDINGS OF FACT.

The commonwealth's claim is based upon a settlement made by the auditor general and state treasurer, which is now by agreement of the parties to be treated as a re-settlement made by the auditor general, state treasurer, and attorney general, under the act of April 8, 1869, P. L. 19. We find the facts to be as follows:

1. The defendant is a corporation of the state of Pennsylvania. During the tax years ending the first Monday of November, 1881, 1885, 1886, and 1887, respectively, it had a capital stock of $34,383,175.28, $37,479,425.28, $39,115,576.28, and $40,119,211.78.

Decision of Court below.

2. During these years, it declared no dividends; and thereupon its capital stock was appraised by its secretary and treasurer in accordance with the provisions of § 2 of the revenue act of 1879, at its actual value in cash between the first and fifteenth days of November in each year, which actual value thus declared was the average price at which said stock sold during each of said years. The appraisements were as follows:

For the tax year of 1881,        $30.81        per share
"        "        1885,        8.4036        "        "
"        "        1886,        13.0607        "        "
"        "        1887,        20.655        "        "

3. During these years, the company was seriously embarrassed and was in the hands of receivers. It was threatened with foreclosure under certain of its mortgages, and the value of its stock depended largely upon the success' of certain schemes of re-organization. It is not necessary to detail the evidence bearing upon the question of the value of its stock during the years above specified. We have considered it all, and find as a fact, that its actual value in cash between the first and fifteenth days of November, in each year, did not exceed the sums stated in paragraph 2.

4. The average selling price of its stock upon the Philadelphia stock exchange, between the first and fifteenth days of November in each year, was as follows:

In 1881,        .        .        .        .        .        $34        per share
" 1885, .        .        .        .        .        .        $11\frac{1}{4}$        "        "
" 1886,        .        .        .        .        .        $18\frac{3}{8}$        "        "
" 1887, .        .        .        .        .        .        $33\frac{1}{8}$        "        "

The highest and lowest prices of said stock upon the said exchange, between the same dates, were as follows:

|  | Highest. | Lowest. |
|---|---|---|
| In 1881, . . . . . | $34\frac{3}{8}$ | $33\frac{3}{4}$ |
| " 1885, . . . . . | $12\frac{1}{4}$ | $10\frac{3}{8}$ |
| " 1886, . . . . . | $18\frac{3}{16}$ | 18 |
| " 1887, . . . . . | $35\frac{3}{16}$ | 31 |

But these prices were higher than the actual value in cash of said stock between these dates, which did not exceed the amounts above stated in paragraph 2.

5. The tax upon the appraised value of the stock, as returned by the company's secretary and treasurer, has been paid in full.

Decision of Court below.

This settlement appraises the stock at the price for which it sold upon the said exchange, between the first and fifteenth days of November in each of the years now in question, and claims to recover the difference between a tax laid upon this appraisement and the tax laid upon the appraisement made by the company's officers.

6. The company had no notice of this claim until after the original settlement was made, and no demand for payment was made upon it before that time.

### CONCLUSIONS OF LAW.

Section four of the act of June 7, 1879, P. L. 112, which imposes the tax upon capital stock, fixes it at one half mill for each one per cent, of dividend, if the dividends equal or exceed six per cent; and at three mills upon a valuation of the stock if the dividends are less than six per cent, or if no dividend is made or declared. Whenever this valuation becomes necessary, it is to be made in accordance with the second section of the act, which requires that the treasurer and secretary of the corporation under oath "shall, between the first and fifteenth days of November of each year in which no dividend has been made or declared as aforesaid, or in which the dividend or dividends made or declared upon either its common or preferred stock amounted to less than six per centum upon the par value of said common or preferred stock, estimate and appraise the capital stock of such company upon which no dividend has been made or declared, or upon the par value of which the dividend or dividends made or declared amounted to less than six per centum, at its actual value in cash, not less, however, than the average price which said stock sold for during said year, and not less than the price or value as indicated or measured by the amount of the dividends made or declared." If the accounting officers are dissatisfied with this valuation, they may make a new one and may settle the tax upon their own appraisement. An appeal from this settlement brings up the question of actual value, and this is a question not of law but of fact. What was the actual value in cash of the corporation's stock between the first and fifteenth days of November in the particular calendar year? The answer gives the basis of taxation for the tax year ending the first Monday of November. In the case before us, the answer is given above in

Decision of Court below.

paragraphs 2 and 3, and as this controlling question of fact has thus been found against the commonwealth, there seems to be no need for discussion.

It was so strongly urged upon us, however, that Penna. R. Co. v. Commonwealth, 94 Pa. 474, was substantially identical in its facts, and was a conclusive authority in support of the commonwealth's claim, that a few words further may not be out of place. The syllabus of that case is misleading. The point decided was, that when a valuation was required, the tax under § 4 of the act of 1879 was to be imposed on whatever sum was the actual value of the capital stock between the first and fifteenth days of November, not less, however, than the average selling price during the year ; and it was not decided, as the syllabus mistakenly affirms, that this value is " to be ascertained by the prices at which it sold between the first and fifteenth of November." These prices simply furnish some evidence upon the question of value, and may be overcome by evidence of other relevant facts. And so, Mr. Justice PAXSON plainly intimates, when he says : " If the stock of the company is lower when the appraisement is made in November than it was during the · previous year, it *shall* be appraised at not less than the average selling price for the year. On the other hand, if it is higher in November, it *may* be appraised at its increased value." Moreover, no dispute at all was made as to the actual value of the Pennsylvania Railroad's stock between the first and fifteenth days of November, for the parties expressly agreed that the commonwealth's appraisement " was based upon the actual value of the stock in cash, as ascertained by its selling price in public market during the period extending from the first to the fifteenth days of November, 1879 : " p. 477. The railroad's contention was, not that this valuation was incorrect, but simply that another method of valuation ought to have been used, viz., the average selling price during the year; and the point decided was, as stated above, that this contention could not be sustained, but that the tax must be imposed upon whatever the actual value might be between the first and fifteenth days of November.

If any doubt could remain as to the scope of the decision, it would be removed by considering the case of Commonwealth

Decision of Court below.

v. Lehigh V. R. Co., 37 Leg. Int. 407.*   The facts, which are not there reported, were these, as shown by the paper-books now before us:

The company divided less than six per cent during the tax year of 1879, and accordingly its officers appraised its capital stock " at its actual value in cash as it existed between the first and fifteenth days of November." They valued it at $42 per share, the average selling price during the year having been only $38. The commonwealth refused to accept this valuation, made a new appraisement at $51 per share, which sum was fixed, as in the present case, solely by taking the selling price of the stock in the public market between the first and fifteenth days of November, and settled an account upon this basis. There was no agreement as to value; but, upon the trial, conflicting evidence on this point was received, and the court below found, as a fact, that $42 per share " was the full worth of the stock for the average of the year, including the period from the first to the fifteenth of November, 1879." The commonwealth insisted that this finding was wrong, and that the act imperatively required " the assessment to be made during the first half of the month of each November at its average selling price during that period." But the Supreme Court said that the question of value was a question of fact, and that " we are not able to find in the record such clear and preponderating evidence of a greater value (than $42 per share) as to justify a reversal of this finding of fact." As the record contained the undisputed evidence that the average selling price of the stock, between the first and fifteenth of November, was $51 per share, this decision conclusively establishes that such selling price is merely evidence of actual value and may be overcome by other proof.

These two cases, which were decided within a few days of each other, are thus seen to be entirely harmonious. Taken together, they determine:

1. That the tax is to be imposed on the actual value of the capital stock, as that value may exist between the first and fifteenth days of November, not less, however, than the average selling price during the year; and

---

* Not elsewhere reported; but the facts are fully stated, supra, and about the whole of the decision is given in the opinion of the court, post.

Arguments.

2. That, in arriving at this actual value, the selling price between the first and fifteenth days of November is not conclusive, but is merely one item of relevant evidence.

In the present case, we have considered all the evidence submitted, relating to the selling price of the stock, the company's indebtedness and financial embarrassment, and the extent and value of its property; and have come to the conclusion, as stated above in paragraph 3, that the actual value in cash of the defendant's stock between the first and fifteenth days of November in the years 1881, 1885, 1886 and 1887 did not exceed the valuations made by the company's officers.

As tax has been fully paid upon these valuations, it follows that nothing is now due upon this settlement. We direct judgment to be entered for the defendant, if exceptions are not filed according to law.

—To the foregoing decision the commonwealth filed fourteen exceptions alleging error in the findings of fact made. After argument thereof, said exceptions were dismissed, and judgment entered for the defendant in accordance with the said decision. Thereupon the commonwealth took this appeal, specifying the order dismissing the exceptions and directing judgment for the defendant, for error.

*Mr. Ellis Ames Ballard* and *Mr. Rufus E. Shapley* (with them *Mr. W. U. Hensel*, Attorney General, and *Mr. Jas. A. Stranahan*, Deputy Attorney General,) for the appellant.

Counsel cited: Penna. R. Co. v. Commonwealth, 94 Pa. 474; Commonwealth v. Lehigh V. R. Co., 37 Leg. Int. 407; State Railroad Tax Cases, 92 U. S. 604.

*Mr. Wm. B. Lamberton*, for the appellee.

That the findings of fact were conclusive, counsel cited: Commonwealth v. Lehigh V. R. Co., 37 Leg. Int. 407; Jamison v. Collins, 83 Pa. 359; Commonwealth v. Railroad Co., 104 Pa. 89. That the capital-stock tax is a tax on property and assets: Commonwealth v. Standard Oil Co., 101 Pa. 119; Fox's App., 112 Pa. 337; Cooley on Taxation, 221, 225; Lehigh Crane Iron Co. v. Commonwealth, 55 Pa. 448; Commonwealth v. Railway Co., 74 Pa. 83; Commonwealth v. Ocean Oil Co., 59 Pa. 61; People v. Commissioners, 23 N. Y. 219; Coates-

Opinion of the Court.

ville Gas Co. v. Chester Co., 97 Pa. 481. That the market price is not conclusive: Hamilton Wheel Co. v. Commonwealth, 12 W. N. 328; Lehigh Crane Iron Co. v. Commonwealth, 55 Pa. 448; Commonwealth v. Railway Co., 74 Pa. 91; Commonwealth v. Railway Co., 2 Pears. 382; Hamilton Mfg. Co. v. Massachusetts, 6 Wall. 671.

PER CURIAM:

During the years 1881, 1885, 1886, and 1887 the defendant company declared no dividends. The capital stock was appraised for the purpose of taxation by its secretary and treasurer, in accordance with the provisions of § 2 of the revenue act of 1879, at its actual value in cash between the first and fifteenth days of November in each year, which actual value thus declared was the average price at which said stock sold during each of said years. It appears, however, that the average selling price of its stock upon the Philadelphia stock exchange, between the first and fifteenth of November in each year, was higher than the average price for the year, at which the stock had been appraised by the officers of the company and returned to the auditor general. The commonwealth contends that the stock should have been appraised at its highest selling value between the dates last named, and cites Penna. R. Co. v. Commonwealth, 94 Pa. 474, as authority for this proposition.

We do not think, however, that case sustains the contention of the commonwealth. The plain object of the November appraisement of the stock of non-dividend paying corporations, or those paying less than six per cent, is to ascertain the actual value in cash of such stock at that time; not less, however, than the average price which said stock sold for during the year. The selling price during November may not always be a true test of its value at that time. It is a mode of ascertaining the value, but not the only one. The fluctuations in the stock market are sometimes sudden and violent; and, from causes in no way affecting its actual value, a particular stock may for a short period advance in the stock market beyond its intrinsic or actual value. On the other hand, for the same reasons it may fall below its actual value. Penna. R. Co. v. Commonwealth, supra, was not intended to be in conflict with these views, nor do we think it will be found so when properly considered in con-

nection with the point decided. In that case, the company admitted that the selling price of its stock in November fairly represented its actual value ; while, in the case in hand, the court below has distinctly found that the selling prices between the first and fifteenth of November " were higher than the actual value in cash of said stock between those dates," and, further, that it did not exceed in value the amount at which it had been returned. It is true, the commonwealth contends that this finding was without evidence to support it. We do not think so. On the contrary, there was evidence from which the court might fairly have found that the actual value of the stock was far less than the value returned by the company, and that, if it had any actual value whatever, it was a mere speculative value, depending upon the forbearance of the creditors of the company. During these years the company was seriously embarrassed, and was in the hands of receivers. It was liable to foreclosure upon some of its mortgages, and the value of its stock depended largely upon the success of certain schemes of re-organization. There was testimony to show that a foreclosure and sale of property, without first perfecting those schemes, would probably have resulted in an entire obliteration of the stock.

The case resolves itself into a mere question of fact, which has been found by the court below against the commonwealth. In Commonwealth v. Railroad Co., 37 Leg. Int. 407, a case which is upon all fours with this, and which was heard and decided at the same term with Penna. R. Co. v. Commonwealth, supra, it was said by this court : " We have frequently held, in such cases, that the same effect should be given to the findings of fact as if found by a jury. In this case, the court found that, in fixing the actual cash value of the stock at $42 per share between the first and fifteenth days of November, 1879, the company made a correct valuation. We are not able to find in the record such clear and preponderating evidence of a greater value, as to justify a reversal of this finding of fact. As it does not appear that this valuation was less than the average price at which said stock sold during the year preceding, the legal question that might otherwise have arisen is unimportant in this case."

Judgment affirmed.