JAMES W. BALLARD, as Receiver of the KEYSTONE GUARD, Appellant, *v.* SARATOGA NATIONAL BANK OF SARATOGA SPRINGS, Respondent.

Banks and banking — voluntary liquidation of bank — stock of such bank pledged by owner thereof to another bank as security for loan — transfer of such stock to cashier of latter bank to hold as intermediary between the bank and the owner — bank held to be owner of stock as security for loan and required to repay to creditors of liquidated bank liquidation dividends erroneously paid to it.

Where stock of a bank, which was afterward dissolved and its assets liquidated, was put up as collateral for a loan in the predecessor of the defendant bank by the owner thereof, and thereafter such stock was transferred, at the request of the owner, to the cashier of said bank to be held by him to secure the bank until the loan was paid, and the liquidation dividends paid upon such stock were paid to the defendant, it must be held that the interest of the defendant in the stock can be nothing else than the ownership thereof as security for the loan; the defendant, not the person who held the stock as representative of the pledgee, was the holder of the stock and where it was ordered in an action in the United States court, brought by plaintiff, the receiver of a creditor of the defunct bank, that the stockholders of the bank should repay liquidation dividends improperly paid to them, the plaintiff may recover from the defendant the amount of liquidation dividends which it had received. It was error for the courts below to hold that, under the borrower's direction, the dividends were paid to the bank with the same effect as if the stock had never been pledged and the borrower had received the dividends and paid them over himself.

*Ballard* v. *Saratoga Nat. Bank of Saratoga Springs*, 201 App. Div. 783, reversed.

(Argued March 23, 1923; decided April 24, 1923.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered July 13, 1922, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term upon a special verdict of a jury.

*Arthur Ofner* and *Merle I. St. John* for appellant. The liquidation dividends in question having been paid to defendant's agent Thurber by the Audubon National Bank and applied by defendant upon account of the Blackburn loan, it is bound to repay the amount thereof to this plaintiff. (*Goshen Nat. Bank* v. *State,* 141 N. Y. 379; *Hatch* v. *Bank,* 147 N. Y. 184; *McNeil* v. *Tenth Nat. Bank,* 46 N. Y. 325; *Castriotis* v. *Guaranty Trust Co.,* 229 N. Y. 74; Jones on Coll. Securities, §§ 168, 398; *People* v. *Scudder,* 177 App. Div. 225; *Hermann* v. *Maxwell,* 15 J. & S. 347; *Brightson* v. *Claflin,* 225 N. Y. 469; *Security Bank* v. *Finkelstein,* 160 App. Div. 315.) There is no competent evidence in the case that Thurber was acting as agent for Blackburn. (*Aymer* v. *Bill,* 5 Johns. Ch. 570; *Titusville Iron Co.* v. *City of N. Y.,* 207 N. Y. 203; *Siedenbach* v. *Riley,* 111 N. Y. 560; *Wilson* v. *Little,* 2 N. Y. 443.)

*Walter P. Butler* and *Harold H. Corbin* for respondent. There was evidence to sustain the finding that Thurber, in receiving and applying the dividends upon Blackburn's loan, was acting as the agent of Blackburn. (*Buck* v. *Amidon,* 41 How. Pr. 377; *Tousey* v. *Hastings,* 194 N. Y. 79; *GaNun* v. *Palmer,* 216 N. Y. 603; *Brown* v. *Bronson,* 93 App. Div. 312; Jones on Coll. Securities [3d ed.], § 399.)

POUND, J. This is an action to compel repayment of certain liquidation dividends of the Audubon National Bank improperly paid to its stockholders.

Repayment by stockholders of the Audubon Bank was ordered in an action in United States court brought by plaintiff, receiver of a creditor of the Audubon Bank, against such record stockholders, including Charles D. Thurber, who was cashier of the predecessor in interest of defendant bank. The contention of plaintiff is that the title to the stock was in the defendant bank, that

Thurber held it as agent of the bank, and that the bank must repay the dividends received by it as such stockholder.

The facts are fully stated in the opinion of H. T. KELLOGG, J., below. (201 App. Div. 783.) The case has been tried three times and has been three times before the Appellate Division. The last affirmance below is manifestly based on an application of the doctrine of the law of the case as laid down in the prior decision of the Appellate Division (198 App. Div. 958) which reversed a judgment for plaintiff entered on a directed verdict and granted a new trial by a divided court and without opinion. The material facts are not in dispute and the only question is whether defendant was a stockholder of the Audubon National Bank. No reasons have been stated by the courts below for holding on the merits that it was not such stockholder, or that a question of fact was presented as to whether it was or not.

The stock in question had been deposited as security for the payment of the promissory notes of Joseph E. Blackburn held by the predecessor of the defendant bank. Blackburn had been a borrower at the bank and had put up stock in the Audubon National Bank, standing in his own name, as collateral. He was notified to pay and transfer this stock or, if the loan was extended, to transfer the stock to the bank as collateral so that it would be easier to collect thereon. He refused to transfer the stock to the bank and finally it was agreed that he should have further time, that his stock should be issued to Thurber, to be transferred to Blackburn if the indebtedness to the bank were paid, otherwise to be transferred to the bank. The stock was thus transferred to Thurber. The dividends in suit are dividends paid to the bank in reduction of the debt under this agreement.

As a result of this litigation, as it now stands, the stock deposited with the bank as collateral has been passed out of its hands and into the hands of its cashier as the

borrower's agent, or as an intermediary between the bank and the borrower, and it has been held that, under the borrower's direction, the dividends were paid to the bank with the same effect as if the stock had never been pledged and the borrower had received the dividends and paid them over himself. Such a result, as between the original parties, was not justified either in fact or in law.

Thurber had no interest in the Audubon Bank stock. He held it as agent of the defendant to secure the defendant, or its predecessors, for the payment of the notes made by Blackburn. Had he undertaken to transfer the stock to Blackburn, who pledged it as collateral for the payment of the notes, he might have been restrained by the court on behalf of the bank. To please Blackburn the stock was held by Thurber, but it was held by him to secure the bank for the Blackburn loan. It is inconceivable that the bank should have, by this arrangement, surrendered its security and relied merely on the good faith of Blackburn, its creditor, to direct by his independent act that dividends received on the stock by Thurber should be turned over to the bank. If the bank was not entitled to receive the dividends, no pledge was made by Blackburn and the notes were unsecured. Yet it is admitted by respondent that the bank did retain a collateral interest in such stock. Such interest could be nothing less than the ownership thereof as security for the loan. The bank, not Thurber, was the holder of the stock. Under the proof, no defense is presented to plaintiff's claim. It was a plain case for the direction of a verdict for plaintiff on all the evidence and possible inferences.

The judgments below should be reversed and judgment directed for the plaintiff for $875, with interest on $625 from February 6, 1912, and on $250 from December 10, 1912, with costs in all courts.

HISCOCK, Ch. J., HOGAN, CARDOZO, McLAUGHLIN, CRANE and ANDREWS, JJ., concur.

Judgment accordingly.