# Clark, Appellant, *v.* Davidson.

*Practice, C. P.—Suit by receiver—Statement of claim—Failure to attach copy of decree showing authority—Practice Act of 1915.*

Under the Practice Act of 1915 a plaintiff is required to attach a full copy of the record of any court upon which he relies for his claim, unless it is the record of any court within the county in which the action is brought, in which case a particular reference to such record will be sufficient.  Unless such record is pleaded and is put in evidence there can be no recovery.

*Trials—Trial without a jury—Act of April 22, 1874, P. L. 109.*

The Act of April 22, 1874, P. L. 109, which prescribes the practice in trials of civil cases at law by a court without a jury, makes no provision for the entry of a nonsuit.  The method enjoined by the court is mandatory: The court is directed to make its decision in writing, stating separately and distinctly the facts found, the answers to any points submitted in writing and the conclusions of law.  The preliminary decision is neither a verdict nor a judgment.  If the plaintiff fails to make out a case, the decision is rendered in favor of the defendant and direction is given to enter judgment for the defendant unless exceptions are filed within the time limited by law.

*National banks—Stockholders—Action to recover dividends paid on voluntary liquidation—Equity.*

The right to recover dividends paid under voluntary liquidation proceedings of a national bank is an equitable one and, in the absence of authority given by statute, will not support a purely legal action.

A stockholder cannot be called upon to return dividends thus received by him unless the indebtedness forming the basis of the suit was incurred prior to the distribution of the dividends in the liquidation proceedings.

Argued March 3, 1924. Appeal, No. 11, Feb. T., 1924, by plaintiff, from judgment of C. P. Lackawanna Co., March T., 1918, No. 234, discharging rule for judgment for want of a sufficient affidavit of defense in the case of Grenville Clark as Receiver of the Audubon National Bank of New York, a National Bank organized and existing under the laws of the United States of America, domiciled in the City of New York, New York, v. Anna B. Davidson, Executrix of Charles B. Davidson, deceased. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit to recover dividends on bank stock. Before POTTER, P. J., 17th Judicial District, specially presiding.

The facts are stated in the opinion of the Superior Court.

The court entered judgment of nonsuit, which it subsequently refused to take off. Plaintiff appealed.

*Error assigned* was, among others, the decree of the court.

*William J. Fitzgerald,* for appellant.

*J. H. Price,* of *S. B., C. B. & J. H. Price,* for appellee.

OPINION BY KELLER, J., April 21, 1924:

The Act of April 22, 1874, P. L. 109, which prescribes the practice in trials of civil cases at law by a court

without a jury, makes no provision for the entry of a nonsuit. The method enjoined by the act is mandatory: Sweigard v. Wilson, 106 Pa. 207; Fleer v. Reagan, 24 Pa. Superior Ct. 170, 172. The court is directed to make its decision in writing, stating separately and distinctly the facts found, the answers to any points submitted in writing by counsel and the conclusions of law. No "verdict" or judgment is entered forthwith: Hoover v. Pontz, 271 Pa. 285. The preliminary decision is neither a verdict nor a judgment: McDermott v. Blank, 230 Pa. 392, 395. If the plaintiff fails to make out a case, the decision is rendered in favor of the defendant and direction is given to enter judgment for the defendant unless exceptions are filed within the time limited by law: Turner v. Baker, 225 Pa. 359, 364; Cowsill v. Vipond Const. Co., 250 Pa. 32, 40. See also Com. v. Curtis Pub. Co., 237 Pa. 333; Com. v. R. R. Co., 145 Pa. 74, 80; and the numerous tax appeal cases tried under the Act of 1874. The lower court was, therefore, guilty of technical error in directing a judgment of nonsuit to be entered, but as evidence had been submitted on both sides, and the court found that the plaintiff had failed to sustain his case, (Fisher v. Ronemus, 277 Pa. 164), it was in effect equivalent to a direction to enter judgment in favor of the defendant and it was stipulated on the argument by counsel for both parties that it should be so considered and disposed of by this court.

The action was brought in 1918 by Grenville Clark as receiver of the Audubon National Bank of New York against Charles P. Davidson, a stockholder of said bank, to recover two dividends paid him some six years previously in the distribution of the assets of the bank under voluntary liquidation proceedings taken in accordance with the National Banking Act. In December, 1915, one Ballard, receiver of the Keystone Guard, secured a judgment in New York against the bank growing out, as it is alleged, of some fraudulent conversion of its securities by the president of the bank, and subsequently

in a suit in equity brought by said Ballard as receiver, aforesaid, in the District Court of the United States for the Southern District of New York, this plaintiff was appointed receiver of the Audubon National Bank and authorized to institute suits to recover its assets; and in said decree he was further "authorized and empowered, in his discretion, to institute and prosecute suits to enforce the stockholders' liability of the stockholders of the Audubon National Bank of New York, and to compel restitution by such stockholders of any dividends that may have been paid out and received by them during the course of liquidation." No copy of the record of the suit in the United States District Court on which the plaintiff's alleged authority to bring this action is based was attached to and made a part of the plaintiff's statement, nor was it produced and offered on the trial of the case. The plaintiff's entire proof consisted in offering such averments of the plaintiff's statement as were not denied in the affidavit of defense. These amounted to nothing more than an admission of the receipt of the two dividends above mentioned which, it was averred, had been paid and received in good faith under the liquidation proceedings aforesaid, after all moneys due depositors had been paid with interest and all known debts had been paid. The affidavit of defense averred that at the time said dividends were declared and paid in liquidation the said bank was solvent. It did not deny that a decree had been entered in the United States District Court as alleged in the statement but called special attention to the failure of the plaintiff to attach to his statement of claim, as a material part thereof, a copy of the record of said suit in the district court, under which he was appointed and authorized to institute the suit for the recovery of said dividends, or of the record in the action wherein judgment was obtained against the bank.

We are of opinion that the lower court was right in holding that the present action was based on the decree

of the United States District Court above and there could be no recovery against the defendant unless the record of that suit was pleaded and put in evidence: Campbell v. Ry. Co., 137 Pa. 574, 585; Stockley v. McClurg, 14 Pa. Superior Ct. 629; Mister v. Burkholder, 56 Pa. Superior Ct. 517, 521. And see Cushing v. Perot, 175 Pa. 66. The decree of the federal court was not merely the evidence of the plaintiff's appointment as receiver; it was the basis of his authority to institute suit for restitution of the dividends paid under the liquidation proceedings. He had to rely upon it to enforce his claim. Just as under the Practice Act of 1887 (P. L. 271) so under the Practice Act of 1915 (P. L. 483), a full copy of the record of any court upon which the plaintiff relies for his claim must be attached to his statement of claim, unless it is the record of any court within the county in which the action is brought, in which case a particular reference to such record will be sufficient.

Except as based on the decree of the United States District Court, we are not satisfied that an action at law was the proper remedy. The method of enforcing the individual liability of a stockholder of a national bank (Revised Statutes, section 5151) in the event of its voluntary liquidation, such as was made a part of the decree in the United States District Court above referred to, is declared in the Act of Congress of June 30, 1876, c. 156, section 2, 19 Stat. 63, Barnes Fed. Code, section 9258, to be by bill in equity instituted in a court of equity for the district where such bank was located; and it has been held that the remedy thus provided is exclusive, with such ancillary proceedings as may be necessary with respect to nonresident stockholders: Williamson v. American Bank, 115 Fed. 793 (C. C. A. 4th Circuit). While the present action is not to recover upon the individual liability imposed by section 5151 aforesaid, the right which the plaintiff seeks to enforce is an equitable right and, in the absence of authority

given by statute, will not support a purely legal action: Lawrence v. Greenup, 97 Fed. 906 (C. C. A. 6th Circuit). "The lien of creditors of an insolvent corporation upon its assets in the hands of others, (independently of rights given by statute) is a purely equitable lien and can only be enforced in an equitable proceeding": McLean v. Eastman, 21 Hun. 312, 314. "It is rather a trust in the administration of the assets after possession by a court of equity than a trust attaching to the property, as such, for the direct benefit of either creditor or stockholder": Hollins v. Brierfield Coal & Iron Co., 150 U. S. 371, 383. See also p. 385, and Richmond v. Irons, 121 U. S. 27, 44. This is not the case of an action to recover money paid under mistake of fact, such as in Union Trust Co. v. Gilpin, 235 Pa. 524. The money was intentionally paid to the defendant by way of a distribution of the bank's assets, in the manner authorized by the National Banking Act after notice to creditors, and was distributed and received in good faith. Its subsequent recovery from the stockholders to provide for claims which were not presented at the time of liquidation, the amount necessary for the purpose, who shall be called upon to contribute and how much they shall pay, are all matters peculiarly within the province of a court of equity. The case of Ballard v. Saratoga National Bank, 236 N. Y. 11, 139 N. E. 762, reversing 195 N. Y. Supp. 165, was evidently instituted pursuant to the statutes of New York. We have no such special statute in this State. In Cushing v. Perot, supra, where a creditor brought an action in assumpsit to enforce the liability of a stockholder of the State of Kansas imposed by the laws of that state, it was held that a receiver of the corporation was the proper party to institute suit, but our Supreme Court said (p. 77) : "The ultimate questions whether the courts of this State will enforce the statutory liability under the law of Kansas at all, and if so, whether against separate stockholders or only in the form established by our own practice in similar cases, we leave to be de-

cided when they arise." This evidently points to equity for the established mode of redress.

Furthermore, there was no averment in the plaintiff's statement that the indebtedness upon which the receiver of the Keystone Guard obtained judgment against the bank in December, 1915, was incurred prior to the distribution of the dividends in the liquidation proceedings. If it was not, the defendant could not be called upon to return the dividends thus received by him: Lawrence v. Greenup, supra; McDonald v. Williams, 174 U. S. 397, 407; Schrader v. Bank, 133 U. S. 67. We find in the evidence no clear and satisfactory proof on this point and for want of it the plaintiff's case would necessarily fail.

Under the pleadings and facts in evidence no different result than a judgment for the defendant could properly have been reached (Hunter v. Johns, 275 Pa. 532), and accordingly the judgment must be affirmed.

The first and second assignments of error are overruled. The third and fourth, in this view of the case, are immaterial. The judgment is affirmed.