## Young v. Jameson et ux.

*R. S. Hemingway*, for petitioner; *William Chrisman*, contra.

EVANS, P. J., January 9, 1933.—The basis of the plaintiff's statement of claim is that Hiram Robert Jameson died August 18, 1930, intestate, leaving to survive him a widow, Mary Jameson, his father, Charles W. Jameson, his mother, Rebecca Jameson, and no children; that Mary Jameson, his widow, died September 14, 1931, leaving a last will and testament, a copy of which is attached to the plaintiff's statement as exhibit "A"; and that by the terms of her will her estate was left to the plaintiff with the exception of four bequests of $1 each; that Mary Jameson, the widow, was appointed administratrix of the estate of Hiram Robert Jameson by the Register of Wills of Philadelphia County, Pennsylvania, and upon her death Fidelity-Philadelphia Trust Company of Philadelphia was appointed substituted administrator; and, further, it is alleged that defendants have large sums of money that were turned over to them by Hiram Robert Jameson during his lifetime for safekeeping, and that they have failed and refused to account for the same.

It is contended on the part of the defendants that the plaintiff's statement should have set forth the residence of Hiram Robert Jameson at the time of his death as being in Philadelphia, in order to give the Register of Wills of Philadelphia County jurisdiction to grant letters of administration on his estate, and that there should have been attached to the statement a certified copy of the

record of the death and the granting of letters of administration on his estate by the Register of Wills of Philadelphia County, together with a short certificate showing the appointment of Fidelity-Philadelphia Trust Company of Philadelphia as substituted administrator, upon the death of Mary Jameson, administratrix. With these contentions we quite agree.

In Clark v. Davidson, 83 Pa. Superior Ct. 79, 83, Judge Keller said:

"Just as under the Practice Act of 1887 (P. L. 271) so under the Practice Act of 1915 (P. L. 483), a full copy of the record of any court upon which the plaintiff relies for his claim must be attached to his statement of claim, unless it is the record of any court within the county in which the action is brought, in which case a particular reference to such record will be sufficient."

In the instant case the substituted administrator of Hiram Robert Jameson, viz, Fidelity-Philadelphia Trust Company of Philadelphia, if legally appointed substituted administrator, may institute a suit against the defendants for cash and securities alleged to have been entrusted to the defendants for safekeeping.

Furthermore, it clearly appears from the third paragraph of the plaintiff's statement and reference to exhibit "A", made part thereof, which purports to be a copy of Mary Jameson's will, that the plaintiff's statement must be stricken off. The will does not appear to have been probated, and until duly and legally probated before the proper tribunal it is a worthless scrap of paper.

And now, January 9, 1933, the motion to strike off the plaintiff's statement of claim is allowed, the rule is made absolute, and the plaintiff's statement of claim is stricken off.