## Squire, Superintendent of Banks, v. Simon

*Smith M. McCreight* and *N. F. Womer*, for plaintiff.
*Raymond E. Brown, Matthew A. Crawford,* and *Clemens Simon,* for defendant.

LONG, P. J., April 1, 1938.—This case comes here by virtue of plaintiff's petition to amend the sixth paragraph of his statement of claim, which reads as follows:

"6. On or about the 27th day of February, 1933, the said The Union Trust Company failed to meet its obligations in the regular course of business"; so as to read:

"6. The Union Trust Company failed to meet its obligations in the regular course of business on February 27, 1933, which has been determined as the date of 'the failure of the Bank to meet its obligations' within the meaning and intendment of section 710-75 of the General Code of Ohio (hereinafter set forth in paragraph 9 hereof) by a court of competent jurisdiction of the State of Ohio, more particularly the Court of Common Pleas of Cuyahoga County, in a judicial proceeding therein had wherein S. H. Squire as Superintendent of Banks of the State of Ohio in charge of the liquidation of the business and property of The Union Trust Company was plaintiff, and Anna Smith Abbott, et al., defendants, being cause no. 428882. The plaintiff avers that article IV, sec. 1, of the Constitution of the United States requires that full faith and credit be given to such judicial proceedings had in the State of Ohio and to the finding, decision, order or decree of the court herein described."

A rule to show cause issued, to which defendant filed answer setting forth that the alleged adjudication of the Court of Common Pleas of Cuyahoga County, Ohio, determining the date of "the failure of the Bank to meet its obligations", is not properly pleaded, being, if true, a mere finding of fact in a proceeding to which defendant was not a party, and is not a determination of the law of a sister State required to be given full faith and credit under the provisions of the Constitution of the United States; that plaintiff's statement of claim averred as a fact that on or about February 27, 1933, the Union Trust Company failed to meet its obligations in the regular course of its business, which averment was denied by de-

fendant, who averred that said trust company failed to meet its obligations in the regular course of business on June 15, 1933, when it was found to be in an unsafe and unsound condition by the Superintendent of Banks of the State of Ohio.

Defendant further avers that the date when the said trust company failed to meet its obligations has become an issue of fact, and the only purpose and effect of the proposed amendment is to introduce into plaintiff's amended statement of claim evidence to substantiate an averment of fact, which is forbidden by section 5 of the Practice Act of May 14, 1915, P. L. 483, 12 PS §386.

Plaintiff contends that he is entitled to the amendment. It is true that courts are lenient in permitting amendments so as to conform to the case tried, even after a preliminary decision by the court, if the amendment does not change the cause of action. See New York & Pennsylvania Co. v. New York Central R. R. Co., 267 Pa. 64. In fact, mere formal amendments may be made at any stage of the proceedings: Overholt et ux. v. Reliance Ins. Co. of Phila. et al., 319 Pa. 340; Severance v. Heyl & Patterson, 115 Pa. Superior Ct. 36; Dickenson v. Belt Automobile Indemnity Co., 82 Pa. Superior Ct. 520; but an amendment to a statement which is neither a matter of form nor of necessary substance will not be allowed: Wigton et al. v. Pa. R. R. Co., 25 W. N. C. 357. This is particularly true where it presents matters which, if pertinent, must be established by proof on the trial of the cause; it is not an amendment of a matter of form or a matter of necessary substance, to be replied to by affidavit: Anchor Savings Bank v. Stoneham Tannery Co., 8 Pa. C. C. 303; Friend, Conservator, v. Kuhn, 316 Pa. 233.

We will refer to the Practice Act of 1915 and what the courts have said in connection therewith, as to pleadings.

"Every pleading shall contain, and contain only, a statement in a concise and summary form of the material facts on which the party pleading relies for his claim, or

defense, as the case may be, but not the evidence by which they are to be proved, or inferences, or conclusions of law": section 5.

This section forbids the pleading of evidence: Casaccio, to use, v. Marrone, 92 Pa. Superior Ct. 467; Kress House Moving Co. v. George Hogg Co., 263 Pa. 191; Hake v. Goldstein, 39 Lanc. L. R. 400.

The ancient rule, particularly since the Act of May 25, 1887, P. L. 271, forbids the pleading of evidence: Casaccio, to use, v. Marrone, supra. Defendant's counsel concedes the authority of the courts to allow amendments to pleadings, but denies the right of the pleader to exceed the mandatory provisions of the Practice Act. Plaintiff in his amended paragraph refers to an action brought in the Court of Common Pleas of Cuyahoga County, Ohio, wherein S. H. Squire, Superintendent of Banks of the State of Ohio, in charge of the liquidation of the business and property of The Union Trust Company, was plaintiff, and Anna Smith Abbott, defendant, being cause no. 428882, and then avers that, by virtue of article IV, sec. 1, of the Constitution of the United States, full faith and credit shall be given to such judicial proceedings.

Defendant contends that such record is improperly pleaded; furthermore, that it was not an action between the same parties and was not against the present defendant. Was the action and decree referred to the basis of the plaintiff's authority to institute suit for the collection of the stock assessment? Does he have to rely upon it to enforce his claim? Or was the decree of the Ohio court merely the evidence of the plaintiff's appointment as receiver? The Practice Act of 1887, supra, followed by the Practice Act of 1915, supra, was mandatory in requiring a full copy of the record of every court on which the plaintiff relied for his claim to be attached to his statement of claim, unless it was the record of a court within the county where his action was brought. See Clark v. Davidson, 83 Pa. Superior Ct. 79, and Midwest Piping & Supply

Co., Inc., v. Thomas Spacing Machine Co., 109 Pa. Superior Ct. 571. It follows that if such Ohio court's decree is the basis of plaintiff's authority to institute suit for the collection of his claim, then the amendment cannot be made, as set forth, for the reason that on its face it shows that it is not a full copy of the record, and unless such record is properly pleaded and is put in evidence it goes for naught. See Clark v. Davidson, supra, and Finch, etc. v. White, 190 Pa. 86. Moreover, if the aforesaid decree of the court is merely the evidence of plaintiff's case, then the Practice Act forbids the amendment because it would be a pleading of the evidence. See Casaccio, to use, v. Marrone, supra.

The test in determining whether an action will lie in Pennsylvania against a shareholder of a foreign corporation is to ascertain if the law of the incorporating State allows recovery against stockholders residing there, and when this question has been judicially settled, together with other relevant facts, such as the amount of the assessment and the authority of the receiver or other officer to sue, the full faith and credit clause of the Federal Constitution requires us to allow the action here. See section 186, A. L. I. Restatement of Conflict of Laws, Broderick v. Stephano, 314 Pa. 408, and Converse, Receiver, v. Hamilton, 224 U. S. 243.

The Supreme Court, while construing the Procedure Act of 1887, held that a statement of claim which was based on a judgment or decree of a court of another State, or of a United States court sitting in another county, was defective if it did not set out the "full record" of that suit. See Campbell et ux. v. Pittsburgh & Western Ry. Co., 137 Pa. 574, and Finch etc., v. White, supra. The same rule applies to the Practice Act of 1915. See Clark v. Davidson, supra, and Midwest Piping & Supply Co., Inc., v. Thomas Spacing Machine Co., supra. At the most, the reference to the action at no. 428882 in the courts of Ohio between S. H. Squire, etc., plaintiff, and Anna Smith

Abbott et al., defendants, is a mere docket entry which may or may not be against defendant.

A "record" of a court is a memorial or history of the judicial proceedings in a case, commencing with the writ or complaint and ending with the judgment. The docket is only a court book in which the judicial proceedings constituting the record are briefly noted. A copy of the docket entries is not a copy of the record.

Neither the constitutional provision that "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State": art. IV, sec. 1, nor the Act of Congress of May 26, 1790, 1 Stat. at L. 122, R. S. §905, 28 U. S. C. §687, passed pursuant to it, and providing how "The records and judicial proceedings of the courts of any State" shall be proved or admitted in any other court within the United States, gives to such a mere docket entry the force and effect of the record of a judgment, to which full faith and credit must be given: Midwest Piping & Supply Co., Inc., v. Thomas Spacing Machine Co., supra; Clark v. Davidson, supra; Dunn v. Hild et al., 125 Pa. Superior Ct. 380; Lucas v. Vulcan Iron Works et al., 233 Fed. 823; neither would such judgment be conclusive on him who was not a party or privy to such action: Thrower v. Kistler et al., 14 Fed. Supp. 217 (a New York case); National Surety Co. v. Mulligan, 105 N. J. L. 336, 146 Atl. 372; Commonwealth ex rel. v. Cronhardt, 127 Pa. Superior Ct. 501.

In conclusion, from the present state of the pleadings and for the reasons hereinbefore set forth, the court is compelled to dismiss the petition to amend the sixth paragraph of plaintiff's statement of claim and discharge the rule to show cause, without prejudice to the right of plaintiff to further amend his statement of claim in any manner and more particularly by pleading, as prescribed by law, in the event the Ohio court decree is the basis of his action, an exemplified record of a valid judgment of a court of general jurisdiction of the State of Ohio, or

limited jurisdiction which extended to the cause of action for which the judgment was recovered, and that such court had obtained jurisdiction of the person of this defendant. Therefore, we are compelled to make the following

### Order

And now, April 1, 1938, after due and careful consideration the petition to amend is dismissed and the rule to show cause is discharged, without prejudice to the right of plaintiff to further amend his statement of claim in any manner and more particularly by pleading, as prescribed by law, in the event the Ohio court decree is the basis of his action, an exemplified record of a valid judgment of a court of general jurisdiction of the State of Ohio, or limited jurisdiction which extended to the cause of action for which the judgment was recovered, and that such court had obtained jurisdiction of the person of this defendant.