## Vervaeke v. Adams Express Company, Appellant.

*Common carriers—Amendment—Cause of action—Statement of claim—Negligence.*

1. Where in an action of trespass against a common carrier, the statement of claim charges negligence on the part of the defendant, and claims damages on account of such negligence upon the general, implied or common-law liability of the defendant as a common carrier, the court may, after a verdict for the defendant and upon the granting of a new trial, permit the plaintiff to amend his statement of claim so as to charge the negligence more in detail and recite and refer to a special contract under the terms of which the shipment was made, and conclude with a claim for damages on account of the alleged negligence.

*Carriers—Common carrier—Limitation of liability—Interstate commerce.*

2. The Act of Congress of June 29, 1906, 34 Statutes at Large, 584, does not prevent the Pennsylvania courts from continuing to apply the rule that a common carrier cannot contract for exemption from his own negligence, or that of his servants, nor for a limited liability in case of loss from such negligence.

Argued Jan. 12, 1911. Appeal, No. 185, Oct. T., 1910, by defendant, from judgment of C. P. Venango Co., Nov. Term, 1907, No. 34, on verdict for plaintiff in case of Hector Vervaeke v. Adams Express Company. Before FELL, C. J., MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Trespass against a common carrier to recover damages for injuries to nine horses.

From the record it appeared that on December 4, 1908, a verdict was rendered for the defendant under the instructions of the court. Subsequently, while a rule for a new trial was pending, the plaintiff moved to amend his statement of claim. In allowing this motion and in granting a new trial, CRISWELL, P. J., filed the following opinion:

This cause having come to trial before the court and a

jury and the evidence having been heard the defendant asked for binding instructions in favor of the defendant. Thereupon the plaintiff moved for leave to amend his statement of claim which motion, on objection being made thereto by the defendant, the court refused and directed the jury to render a verdict in favor of the defendant which was done. A motion by the plaintiff for a new trial having been made and argued the court permitted the plaintiff to renew his motion to amend his statement of claim. This having been done and an amended statement having been put in form and presented with the motion for leave to amend, the right of the plaintiff to so amend was objected to by the defendant and the question thus raised is now to be disposed of.

. The statement first filed charged negligence on the part of the defendant in shipping and transporting for the plaintiff nine certain horses from Buffalo in the state of New York, to Pittsburg, Pa., the plaintiff therein claiming damages on account of such negligence upon the general, implied, or common-law liability of the defendant as a common carrier. The amended statement charges such negligence more in detail and recites and refers to a special contract under the terms of which the shipment was made, and concludes with a claim for damages on account of the alleged negligence.

The cause of action, therefore, as disclosed by the first statement, was the alleged negligence of the defendant in transporting the horses from Buffalo to their point of destination. That disclosed by the amended statement was the like negligence. The extent of the recovery, if any, may be limited by the special contract, and the liability and duty of the defendant as carrier under the special contract may be varied thereby in some respects but the cause of action remains the same. The variances affect the proofs and the amount and extent of the recovery only.

So viewing the original and amended statements the amendment sought appears to be authorized by the terms

of the Act of March 21, 1806, 4 Sm. L. 326. An adjudication practically in point is that of Rodrigue v. Curcier, 15 S. & R. 81, wherein it is held that (syllabus) "Where the wrong for which the plaintiff seeks redress, is the misconduct of the defendant, as his agent, in the sales of certain cottons consigned to him, the plaintiff may amend his declaration, under the act of assembly, by adding counts, preserving the substance of the same complaint." In this case it is said that the proper construction of the act is this: When the "merits of the case cannot be reached without an amendment it is to be granted, provided the cause of action be not changed." In Erie City Iron Works v. Barber, 118 Pa. 6, it is said: "The cause of action is the particular matter for which the suit is brought, and when the object of an amendment is not to forsake this, but to adhere to it, it is the duty of the court, when the merits of the case cannot be otherwise reached, to permit the amendment," citing Rodrigue v. Curcier, 15 S. & R. 81.

If the amendment introduces no new cause of action there is no force in the defendant's contention that the action is barred by the tenth paragraph of the special contract which provides that "any suit for the recovery of loss or damage to the property shall be commenced within six months next after such loss or damage shall have accrued or be forever barred" is without force since the action to recover such damage was commenced within six months.

While therefore we are of the opinion that the amendment should be allowed and that a new trial should be granted, the same should be granted only on the terms indicated in the order which follows:

And now, November 15, 1909, after argument and due consideration the rule for leave to file an amended statement of claim is made absolute and the plaintiff's motion for a new trial is granted upon condition that the plaintiff within thirty days from this date pay the costs of the term at which the trial took place, the same to be ascertained and fixed by the prothonotary.

On a new trial the jury returned a verdict for $2,133, upon which judgment was entered. Defendant appealed.

*Errors assigned* amongst others was (6) in refusing binding instructions for defendant, and (28) in allowing the amendment, quoting the order.

*Charles F. Patterson,* with him *Thomas DeWitt Cuyler, John Lewis Evans,* and *John L. Nesbit,* for appellant.— The cause of action introduced by the amended statement was a different cause of action from that originally set up: Read v. Brown, L. R. 22 Queen's Bench Div. 128; Travelers' Ins. Co. v. Myers, 59 Ohio St. 332 (52 N. E. Repr. 831); Clarke v. R. R. Co., 39 W. Va. 732 (20 S. E. Repr. 696).

If the cause of action be changed or if the amendment speaks from its date, the plaintiff cannot recover: Grier v. Assurance Co., 183 Pa. 334.

The amendment speaks from its date and was asked for too late: Denman v. R. R. Co., 52 Neb. 140 (71 N. W. Repr. 967); Leh v. R. R. Co., 30 Pa. Superior Ct. 396; Eckert v. R. R. Co., 211 Pa. 267.

The contract of shipment, being evidenced by a bill of lading provided for in sec. 20 of the act of June 29, 1906, 34 United States Statutes at Large, 584, is to be construed by federal law and not by the law of Pennsylvania.

*James S. Carmichael,* with him *Lawrence P. Hancock* and *Thomas Matthews,* for appellee.—The amendment was proper: Trace v. Penna. R. R. Co., 26 Pa. Superior Ct. 466; Rodrigue v. Curcier, 15 S. & R. 81; Erie City Iron Works v. Barber, 118 Pa. 6; Susquehanna Mut. Fire Ins. Co. v. Clinger, 10 Pa. Superior Ct. 92; Cunningham v. Day, 2 S. & R. 1; Coxe v. Tilghman, 1 Whart. 282; McAdam v. Orr, 4 W. & S. 550; Wilhelm's App., 79 Pa. 120.

Per Curiam, March 20, 1911:

Leave to amend the statement of claim was properly

allowed for the reasons stated in the opinion of the learned judge of the common pleas, making absolute the plaintiff's rule for that purpose. The question whether the rule of law in this state, which prohibits a common carrier from limiting its liability for negligence, is abrogated by the Interstate Commerce Act, was decided at the trial in accordance with Wright v. Adams Express Co., 43 Pa. Superior Ct. 40, the judgment in which case we have affirmed in an opinion handed down with this, ante, p. 635.

The judgment is affirmed.