Cassler, to use, *v.* Cassler, Appellant.

Argued September 22, 1928. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Charles H. Ealy,* with him *Charles F. Uhl,* for appellant.—It is a well known rule of law that if there has been a surrender or payment of the principal note or obligation the security falls: Neff's App., 9 W. & S. 36; Beaver Trust Co. v. Morgan, 259 Pa. 567.

*Paul W. Cauffiel,* with him *Harry Doerr, Francis J. Kooser, Ernest O. Kooser* and *James O. Courtney,* for appellee.

OPINION BY MR. JUSTICE FRAZER, November 26, 1928:
Judgment was entered on a nonnegotiable judgment note by use-plaintiff, the transferee and holder of the obligation; judgment was opened by the court below, and an issue framed. The order opening the judgment provided that the note should constitute plaintiff's statement, to which defendant should file an affidavit of defense. No further pleadings were required by the court. At the trial a verdict was rendered for plaintiff, on which judgment was entered. Defendant appealed.

The transactions giving rise to the present controversy are somewhat involved and confusing. From the evidence it appeared that on January 2, 1923, A. E. Cass-

ler obtained a loan of $20,000 from S. H. Cauffiel of the City of Johnstown. Cauffiel secured the money from the National Bank of Johnstown (later merged into the United States National Bank, and herein referred to as the use-plaintiff) by giving his two individual notes in the amount of $10,000 each. The same day, A. E. Cassler executed a note in the amount of $20,000 and he and his son, J. E. Cassler, made a second note for $20,000, both payable to Cauffiel. Defendant contended these two notes represented the same indebtedness, both having been given to secure the loan of $20,000 from Cauffiel to A. E. Cassler. Plaintiff, on the other hand, claimed the second note, signed by A. E. Cassler to J. E. Cassler, was not in any manner connected with the $20,000 loan, but was given to secure Cauffiel against guaranties on other notes made by J. E. Cassler. The court below, in its opinion, said: "This was the only contention raised during the trial by either party and the case was tried on the theory that, if the two twenty-thousand-dollar notes were given to secure the twenty-thousand-dollar loan, then plaintiff could not recover in this action, but if they were given for separate and distinct purposes then the plaintiff should recover, because no other method of payment or satisfaction of the loan was advanced."

May 2, 1923, A. E. Cassler obtained from his brother, H. H. Cassler, defendant, the note on which the present case is founded. This note in the amount of $10,000 was assigned by A. E. Cassler to Cauffiel as security for the $20,000 loan. March 24, 1928, Cauffiel assigned the note to the use-plaintiff as collateral security for the balance of the loan made to him January 2, 1923. At that time the balance due the bank was $6,325.

The note signed by A. E. Cassler and J. E. Cassler was reduced to judgment by Cauffiel, August 11, 1925. August 14th this judgment was assigned to Miss Stephens, a clerk in Cauffiel's office, as trustee, and she in turn assigned the judgment January 26, 1926, to the

First National Bank of Benson, in cancellation of obligations of Cauffiel.

It is agreed by all parties that, unless the execution of the second note by A. E. Cassler and J. E. Cassler January, 2, 1923, was given in payment of A. E. Cassler's note executed the same day, the loan of $20,000 from Cauffiel to A. E. Cassler remains unpaid. A payment of $4,000 was made by A. E. Cassler to Cauffiel, but it was agreed that this should be applied as a part payment of two other notes made by J. E. Cassler. Under the circumstances, the question whether the second note was given in payment of the first one, or whether it was given for other purposes, was purely one of fact. As there was evidence to support the finding to the latter effect, the verdict of the jury is conclusive. We must, consequently, take it to be established that A. E. Cassler owed Cauffiel $20,000 on the first note executed January 2, 1923. Since the note on which this case is founded was assigned to Cauffiel as security for the payment of that debt, its obligation has not been discharged and the use-plaintiff was entitled to recover.

Appellant complains of the admission of evidence offered by plaintiff in rebuttal to contradict defendant's assertion in the affidavit of defense that the two notes represented the same indebtedness. Objection is made on the ground that no reply was filed, as required by the Practice Act of 1915, P. L. 483, amended by the Act of 1925, P. L. 84, section 6, where new matter is set forth in the affidavit of defense. The question whether the Practice Act applies to a case such as this seems never to have been raised in our appellate courts.

Where a judgment is opened, the scope of the issue to be submitted to the jury is within the sound discretion of the court. The order opening the judgment frames the issue. The pleadings, which can raise only those questions necessarily involved in the issue framed by the court, should also be within its control. They must necessarily conform to the order of the court, and are not

regulated by the Practice Act. In the language of the court below, "As no replication was required by the order of court and as no Act of Assembly required one, under the facts and circumstances of this case the plaintiff was in position to rebut the evidence by any competent, relevant testimony at its command, without filing a replication." We see no error in the rulings of which appellant complains.

Appellant further contends that plaintiff is not entitled in any event to recover more than $6,325, the balance due the use-plaintiff upon its loan to Cauffiel. As pointed out by the court below, however, this contention overlooks the fact that the obligation sued on was not given to protect the bank, but was intended for the protection of Cauffiel. The learned judge said: "The note sued upon is S. H. Cauffiel's security. He assigned it to the bank to secure his note. When the bank collects on a customer's security, pledged to secure his loan, it must collect all that is due on it. [Farmer's National Bank v. Nelson, 255 Pa. 455, and cases there cited.] Whatever is collected over and above the $6,325 will be held for the use of S. H. Cauffiel. If A. E. Cassler had reduced the loan to $6,325 then defendant's contention would have merit. As it is it does not."

The other assignments of error are without merit and call for no comment.

The judgment is affirmed.