## Ney et ux. v. Northumberland County

*Albert Lloyd* and *Richard H. Klein*, for plaintiffs.
*F. B. Moser*, for defendant.

CUMMINGS, J., March 17, 1936.—Plaintiffs presented a petition to the court of quarter sessions for the appointment of viewers for the assessment of damages occasioned by the relocation of a State highway in the Township of Coal, Northumberland County, Pa., through the lands of the plaintiffs. In said petition plaintiffs alleged, among other things, that they were the owners of a lot or piece of ground situate, lying and being in "Rosemont", Township of Coal, Northumberland County, designated upon a map or plot laid out by Helene Heidig as lot no. 17 in block no. 2, the said lot having a width or frontage on the south side of the improved highway of 100 feet and extending in a southerly direction about three hundred feet; that the Commonwealth of Pennsylvania, by virtue of the authority vested in it by the

Act of May 31, 1911, P. L. 468, and the amendments thereto, relocated the highway running along the lands of plaintiffs and appropriated a strip or piece of land along the plaintiffs' lot of the length of 100 feet and of the width of 5 feet.

Viewers were appointed by the court, who, after viewing the premises, made a report, assessing damages to plaintiffs. Plaintiffs appealed and on May 18, 1931, filed their statement of claim, in which they claimed damages occasioned by the relocation of the said highway by the Commonwealth of Pennsylvania, for the appropriation by said Commonwealth of a piece or strip of land of approximately one hundred feet in length and five feet in width.

The appeal was called for trial, whereupon plaintiffs moved to amend their statement of claim to conform with the map filed by the Commonwealth of Pennsylvania July 2, 1929, showing a widening of said road and an appropriation of a strip of land of plaintiffs 100 feet by 25 feet. The motion was allowed and the case continued.

The amended statement of claim, as filed, claimed damages of the County of Northumberland for the appropriation by the Commonwealth of Pennsylvania of a strip of land along plaintiffs' property of approximately one hundred feet by twenty-five feet, or a difference between that alleged in the original statement of claim filed May 18, 1931, and the amended statement of claim filed November 22, 1935, of 20 additional feet.

To plaintiffs' amended statement of claim, defendant, Northumberland County, filed an affidavit of defense, raising questions of law, which may be condensed into one contention, to wit, that "plaintiffs' amended statement of claim on appeal filed November 22, 1935, was filed more than six years after the cause of action for which the plaintiffs' claim for damages arose".

No testimony was taken, but from statements made by counsel at the time of presentation of the case to the

court, we find that, while the map filed by the Commonwealth of Pennsylvania shows an appropriation of a piece or strip of plaintiffs' land of 100 by 25 feet in the relocation of the highway, but 5 feet by 100 feet was actually appropriated, or taken as evidenced on the ground.

There is no question but that plaintiffs failed to examine the map filed and were misled by what actually appeared on the ground and therefore filed their claim for 5 by 100 feet instead of 25 by 100 feet.

Six years from the time plaintiffs' action arose passed before the filing of plaintiffs' amended statement of claim, claiming damages for the appropriation of 25 feet by 100 feet. Are plaintiffs barred from claiming damages for the actual amount of land appropriated, as shown by the map filed? We think not. There is no change of parties, no new cause of action or subject matter. The damages claimed grow out of the relocation of the same highway as set forth in the petition for viewers and the original statement of claim, the appropriation of land is from the same strip of ground of plaintiffs. The only change, therefore, is that alleging the taking of more ground than was contained in the petition for the appointment of viewers and likewise the plaintiffs' statement of claim filed on appeal.

It is not contended that the appeal was not taken in time, nor the original statement of plaintiffs' claim not filed within the statutory period.

A statement of claim may be amended after the running of the statute of limitations where the amendment merely amplifies or makes more certain that which is already stated as the cause of action: Laritza v. Pennsylvania Power Co., 106 Pa. Superior Ct. 587.

The amendment merely increased the measure of damages. Amendments, as heretofore stated, are allowable in Pennsylvania, which simply increase the amount of damages claimed, or the measure of damages.

In Commonwealth, to use, v. Baxter & Co., Inc., 235 Pa. 179, on pages 187, 188, the Supreme Court said:

"According to these tests, it may be accepted as the settled rule in Pennsylvania, that an amendment of the ad damnum clause, without changing the ground of recovery relied on, does not introduce a new cause of action. . . . The amount of the damages claimed may be increased in the ad damnum".

In Hurt, Inc., v. Fuller Canneries Co., 263 Pa. 238, the court said at pages 242, 243:

"It is also alleged that as the amended statement contains a change in the rule to be applied relating to the measure of damages, this is a material amendment and it should not have been permitted. There has been considerable difference of opinion in the various jurisdictions in America as to this question. Our own cases seem to indicate that an amendment of this character can be allowed where it does not introduce another cause of controversy, or where the merits of the case can not be reached without such an amendment. . . .

" 'In none of our cases has it been held, as it has been in some other jurisdictions, that a change in the measure of damages alone, disconnected with any other change in the pleadings, amounted to the introduction of a new cause of action.' "

So also, in the case of Severance v. Heyl et al., 115 Pa. Superior Ct. 36, at page 44, the court held that:

"A new cause of action is not introduced merely by including an additional element of damages or proof. . . . 'It is well settled law that an amendment which merely introduces an additional element of damage drawn out of the same circumstances may be allowed at any time, as it does not introduce a new cause of action.' "

In the case of Philadelphia & Reading R. R. Co. v. Reading & Pottsville R. R. Co., 2 Dist. R. 857, heard before Judge Endlich, a petition for the appointment of viewers to assess damages occasioned by the reconstruction of defendant's railroad was filed, alleging damages

were suffered to a tract in Windsor Township of 10 acres. At the trial it was found that the tract was located partly in Hamburg Borough and partly in Windsor Township and contained 65 acres. Over objection, an amendment was allowed, permitting plaintiff to show the full extent of the land affected by such taking.

In cases of this character, where property is damaged by the relocation of highways, the measure of damage is the difference between the reasonable market value of the property prior to the relocation and the reasonable market value immediately after the relocation. Therefore, the only question here is: What effect, insofar as damages are concerned, did the relocation of the highway have on the property in question? Surely plaintiffs were permitted to amend their statement of claim, to show the true state of facts and the actual damage done to plaintiffs' property by the relocation of the highway. The cause of action was not changed: the measure of damages simply increased.

The amendment was made for the purpose of conforming with the act of assembly requiring the institution of one proceeding for the recovery of all damages occasioned. We agree with the Superior Court in the case of Jackson v. Gunton, 26 Pa. Superior Ct. 203, page 209:

"The cause of action is the particular matter for which the suit is brought, and when the object of an amendment is not to foresake this, but to adhere to it and effect a recovery upon it, it is the duty of the court, when the merits of the case cannot otherwise be reached, to permit the amendment".

We are of the opinion that the merits in this action could not be met without permitting the amendment to stand. To us, the objection raised by the demurrer is technical and without merit.

And now, to wit, March 17, 1936, the demurrer filed in this case is overruled, the defendant is permitted to file an affidavit of defense on the merits within a period of 15 days from the filing of this opinion; the prothono-

576

tary is directed to immediately notify counsel for the defendant of its filing. An exception is noted and bill sealed for the defendant.