## Duke v. Wagner et ux.

*Marshall H. Dean, Storey & Bailey* and *John H. Moody,* for plaintiff.

*Carl B. Shelley, James W. Reynolds* and *Hull, Leiby & Metzger,* for defendants.

RUPP, J., June 4, 1947.—This matter comes before us on a rule to dismiss a counterclaim in trespass.

Plaintiff sued in trespass to recover from defendants $6,843.76 for damages allegedly sustained as the result of a collision between a tractor-trailer of plaintiff and that of defendants. Defendants counterclaimed in the amount of $2,187.93.

Subsequently, plaintiff entered a voluntary nonsuit and on motion this rule was granted.

It is the contention of plaintiff that the nonsuit having been entered, there is no authority in law for defendants to prosecute or proceed with the counterclaim. We agree.

In Pennsylvania it is settled that, unless specifically authorized to do so by statute, after a voluntary nonsuit by plaintiff, defendant is not entitled to proceed with a counterclaim or set-off asserted by him: 5 Standard Pa. Practice p. 33, §31; M'Credy v. Fey, 7 Watts 496 (1838) ; Gilmore v. Reed, 76 Pa. 462 (1875) ; Consolidated National Bank v. McManus, 217 Pa. 190 (1907) ; Severance v. Heyl & Patterson, 115 Pa. Superior Ct. 36 (1934).

As to actions governed by the Practice Act of May 14, 1915, P. L. 483, sec. 14, as amended, 12 PS §431, allows counterclaim in actions of assumpsit, and provides that if the action of plaintiff is dismissed, dis-

continued, or a voluntary nonsuit is suffered, the counterclaim may be proceeded with.

However, although section 13 of the act, as amended by the Act of April 4, 1929, P. L. 140, 12 PS §412, permits counterclaims in actions of trespass, no provision is made for proceeding with the counterclaim in case a voluntary nonsuit is suffered.

Thus, in trespass actions there is no specific statutory authority for a defendant to pursue a counterclaim following a voluntary nonsuit. Baumgartner v. Whinney, 156 Pa. Superior Ct. 167 (1944), has been cited for the proposition that such a course can be followed. The question determined in that trespass action did not involve defendant's right to press a counterclaim after a voluntary nonsuit. There the court merely interpolated by way of dicta that a plaintiff's discontinuance, without more, does not prevent defendant from proceeding with his counterclaim, and cited section 14 of the Practice Act, which relates to actions in assumpsit.

From all the foregoing, it is evident that it has at least been questionable whether, even under the Practice Act, a counterclaim in trespass could be prosecuted after a voluntary nonsuit.

However, any doubt in the matter was resolved by the Pennsylvania Rules of Civil Procedure, which became effective January 1, 1947, before the entry of the voluntary nonsuit on April 1, 1947, and which were made to apply to pending actions. Pa. R. C. P. Rule 1452 (1) suspended absolutely sections 13 and 14 of the Practice Act. Rule 1041 specifies that, except as otherwise provided, the procedure in actions of trespass shall be in accordance with the rules relating to actions of assumpsit. Rules 1046 and 1031, respectively, provide for counterclaims in actions of trespass and in actions of assumpsit. Whether by intent or through oversight no provision was made for pro-

ceeding under a counterclaim in trespass or assumpsit after voluntary nonsuit.

Accordingly, after the effective date of the Rules of Civil Procedure the status of counterclaimants in trespass and assumpsit, following a voluntary nonsuit, reverted to that which prevailed prior to the enactment of the Practice Act, and today, in company with other counterclaimants, they may not proceed with a counterclaim after the entry of such a nonsuit.

Therefore, the rule to show cause why the counterclaim should not be dismissed must be made absolute.

An order to this effect was made on June 4, 1947.