**BAIRD**

v.

**ALUMINUM SEAL CO., Inc.**

Civ. A. No. 289.

United States District Court
W. D. Pennsylvania.

Dec. 29, 1953.

---

3. Cf. Neirbo Co. v. Bethlehem Shipbuilding Corp., Ltd., 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167.

Brooks, Curtze & Gent, Erie, Pa., for plaintiff.

John G. Buchanan, Jr., Smith, Buchanan, Ingersoll, Rodewald & Eckert, Pittsburgh, Pa., for defendant.

WILLSON, District Judge.

Plaintiff and Aluminum Seal Company entered into an agreement for the erection of a housing project in Richmond, Indiana. The contract and all rights thereunder were thereafter assigned to defendant. In connection with the transaction an escrow agreement was entered into and certain judgment notes were a part thereof. Plaintiff alleges in his complaint that the defendant wrongfully acquired possession of the judgment notes and that on March 22, 1949 the Aluminum Seal Co., Inc., through its duly authorized agents, "wilfully, wantonly, wrongfully, maliciously and without probable cause, entered judgment on said notes, to the use of Aluminum Seal Co., Inc. in the Court of Common Pleas of Erie County, Pennsylvania, at No. 115 February Term, 1949, D.S.B., the total judgment being in the amount of Twenty six thousand two hundred fifty and 00/100 ($26,250.00) Dollars."

Defendant moved to dismiss the complaint, contending that plaintiff's action is barred by the applicable Statute of Limitations of the Commonwealth of Pennsylvania. At the argument counsel for both parties agreed that the action is one of malicious prosecution. Defendant asserts that this suit is barred by the Act of July 1, 1935, P.L. 503, 12 P.S. § 51, which provides:

"Every suit to recover damages for malicious prosecution or for false arrest, because of a right of action hereafter accruing, must be brought within one year from the date of the accruing of such right of action, and not thereafter: Provided, however, That actions already accrued must be brought within one year from the passage of this act."

Plaintiff does not indicate whether his suit is for malicious abuse of civil process or one based on malicious prosecution. Under present requirements as

to pleading, the plaintiff is not at fault in this regard. On the facts alleged, however, it appears that plaintiff has a cause of action unless it is barred by the Statute. On March 27, 1949, being five days after judgment was entered, plaintiff filed a petition to open in the Court of Common Pleas of Erie County. This petition was timely. On July 14, 1950, the Common Pleas Court of Erie County, entered an order opening the judgment. Plaintiff alleges that at all times thereafter he was ready, willing and able to submit the issues raised by the petition to open to a jury in Erie County, but that defendant refused to proceed to trial. Thereafter, on January 5, 1952, defendant here filed a praecipe with the Prothonotary of the Common Pleas Court of Erie County to mark the action at 115 February Term, 1949, discontinued of record. Still thereafter, on March 2, 1953, the Court of Common Pleas of Erie County, Pennsylvania, ordered the judgment to be stricken from the record. This latter order was based on a stipulation of counsel.

■■ This case being one of diversity of citizenship and the cause of action on which the complaint is based arising in this District, the law of the Commonwealth of Pennsylvania applies. The Supreme Court of Pennsylvania in Publix Drug Co. v. Breyer Ice Cream Company, 347 Pa. 346, 32 A.2d 413, has reviewed the essential elements in this type of case. In the cited case judgments by confession had been entered. The Court says, 347 Pa. at page 348, 32 A.2d at page 414:

"The court below was of the opinion that the action was one for malicious *use* of civil process and that, as there was no proof of interference with plaintiff's property or proof that the prior proceeding had terminated in plaintiff's favor, the verdict could not stand.

"Decisions in this state and in other jurisdictions have drawn a distinction between actions for *abuse* of legal process and those for

malicious prosecution, which, when founded on civil prosecutions, are usually described as *malicious use* of civil process. The gist of an action for abuse of process is the improper use of process after it has been issued, that is, a perversion of it: Mayer v. Walter, 64 Pa. 283; Annotation, 80 A.L.R. 581. 'An abuse is where the party employs it for some unlawful object, not the purpose which it is intended by the law to effect; in other words, a perversion of it. * * * On the other hand, legal process, civil or criminal, may be maliciously used so as to give rise to a cause of action where no object is contemplated * * * other than its proper effect and execution': Mayer v. Walter, supra, 64 Pa. at page 285; Johnson v. Land Title B. & T. Co., 329 Pa. 241, 242, 198 A. 23. Malicious use of civil process has to do with the wrongful initiation of such process, while abuse of civil process is concerned with a perversion of a process after it is issued. All the analogies of an action for a malicious arrest belong to an action for malicious use of civil process."

In the same case, the Court further says, 347 Pa. at page 349, 32 A.2d at page 415:

"It was essential in this case that plaintiff should show that the judgments were entered with malice, without probable cause to believe that the defendant could succeed, and that the original actions finally ended in failure.

"If action had been begun on these two notes by summons, it would be clear that the action would be one for malicious use of civil process. Here it was started by entering judgments on the powers in the notes. It is just as clear that these present actions had to do with the initiation of proceedings and not the perversion of them. Actions similar to these—judgments entered by warrant of attorney—

have been identified by the Superior Court as actions for malicious use of civil process: DeGeyter v. Keller, 68 Pa.Super. 419."

■ Plaintiff has stated a cause of action within the requirements as set forth in the cited case. He alleges that defendant wrongfully demanded and procured the notes from the escrow agent. In Paragraph 15 of the complaint he sufficiently alleges maliciousness on defendant's part. He also alleges that the judgment was an interference with real property and that he was otherwise damaged. The difficulty in the case is the decision as to when the action in the State Court finally ended in failure, or conversely, when did plaintiff's cause of action as alleged by him accrue.

Defendant has urged that the entry of the judgment gave rise to the cause of action. However, defendant, at the argument and in its brief, stresses the discontinuance as the termination of the prior litigation. Plaintiff claims that the filing of the praecipe to discontinue on January 5, 1952, amounted to a nullity as the judgment was still of record. If the discontinuance ended the prior litigation, then plaintiff is barred by the one-year Statute of Limitations because his complaint was not filed until July 30, 1953. Plaintiff claims that the prior proceedings giving rise to his present cause of action were not terminated until March 2, 1953, the date on which the judgment was stricken from the record.

■ The Supreme Court of Pennsylvania has held that an order making absolute a rule to open a judgment leaves the whole matter open for further action of the Court. See Markofski v. Yanks, 297 Pa. 74, 146 A. 569. The same case holds that a judgment does not lose its status as such by being opened. It is still a lien and the levy previously made on an execution outstanding thereon also retains its lein. Also, see Adams v. James L. Leeds Co., 189 Pa. 544, 42 A. 195.

■ When the rule to open had been entered and an issue framed for trial it amounted to a Court ruling that defendant had made out a prime facie defense, or in other words that there was merit as to his contention. That being so, plaintiff should not be permitted to discontinue as of course, and thus deprive defendant of his right to have his contention adjudicated.

■■ The subject matter of the discontinuance was a judgment and not a pending action. The praecipe to discontinue could have no effect upon it. A plaintiff has no absolute right to discontinue, dismiss or take a nonsuit. More important and to the point is the holding that a plaintiff cannot discontinue after a final judgment notwithstanding the pendency of a rule to open. See notes under Anderson's Pennsylvania Civil Practice, Second Volume, page 122. A discussion of this whole matter is found in an early case, Kennedy v. McNickle, 2 Brewst., Pa., 536, at page 537 where the Court says:

"A discontinuance is a break or chasm in a suit arising from the failure of the plaintiff to carry the proceedings forward in due course of law, and cannot, therefore, ex vi termini, occur after the suit has been brought to an end. This is not only true, technically, but in point of essential justice. A discontinuance does not, like a retraxit, operate as an extinguishment of the cause of action, but leaves the plaintiff free to bring another suit. It will not, therefore, be allowed when the effect is to deprive the defendant of an advantage which he is entitled to retain. (Mechanics' Bank v. Fisher, 1 Rawle [Pa.], 341, 347.)"

And further, 2 Brewst. on page 537:

"It is accordingly settled, by a uniform practice, from which there has been no variation, either in the English Courts or our own, that the plaintiff cannot withdraw from the suit, except on terms that will amount to a perpetual bar, after it has been brought to a point where injury would or might result to the defendant if the withdrawal were permitted. A discontinuance cannot, therefore, take place after the

**496**

cause has been decided, or where it is ripe for a final decision; a judgment, a general verdict, or even the argument of a demurrer will put an end to the right to discontinue."

■■■ It seems clear that when the rule to open a judgment has been made absolute as was done in this case, the only method of altering or changing the status is by a Court order. The judgment entered in the first instance was a finality to the action taken. The validity of the judgment, however, was questioned by the defendant therein. The action taken to open was in the nature of an equitable proceeding. The proceeding was subject to further order of the Court. This is the holding of the Superior Court of Pennsylvania in Severance v. Heyl & Patterson, 115 Pa.Super. 36, 174 A. 787.

■ Defendant urges that Rule 229 of the Pennsylvania Rules of Civil Procedure, 12 P.S.Appendix, permits a discontinuance at any time before the commencement of a trial. This is, of course, true, but the rule does not permit a discontinuance where a judgment has been entered. Under that rule, a discontinuance is the exclusive method of the voluntary termination of an action by the plaintiff *before the commencement of the trial.* The rule is in no way inconsistent with the holding of the Court in the Kennedy v. McNickle case. The Federal Rules of Civil Procedure, 28 U.S.C. are also not in any way inconsistent with the proposition that a discontinuance cannot terminate litigation after the entry of a judgment. See Rule 41; also Grivas v. Parmelee Transportation Co., 7 Cir., 207 F.2d 334.

■ The complaint was filed July 30, 1953. This Court holds that the State Court litigation ended in failure on March 2, 1953, being the date that the judgment was stricken from the record by the Court of Common Pleas of Erie County. As the filing of the complaint was within one year from the latter date, the motion to dismiss must be refused.

Walter M. Tapley, Jr., Portland, Me., for plaintiff.

William B. Mahoney, Portland, Me., Harold D. Carroll, Biddeford, Me., for defendants.